IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMIE WASHINGTON, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-1870-K-BN |
| JP MORGAN CHASE BANK, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | § § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

On July 27, 2018, Defendants JPMorgan Chase Bank, N.A. ("JPMC") and Mortgage Electronic Registration Systems, Inc. moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 8. Plaintiff Tammie Washington has not yet responded to that motion.

Washington now moves for default judgment against JPMC, claiming that JPMC "did not respond in the 20 day time limit imposed by the court to the citation issued from Tammie Washington to [JPMC]." Dkt. No. 13 at 1.

Default judgment against JPMC is not proper, because JPMC timely filed its Rule 12(b)(6) motion to dismiss. JPMC was served on June 28, 2018, removed this case

on July 20, 2018, and filed its Rule 12(b)(6) motion on July 27, 2018. *See* Dkt. Nos. 1, 1-1, & 8. JPMC had not filed an answer in state court before removal. *See* Dkt. No. 1-1.

Federal Rule of Civil Procedure 81(c)(2) provides that "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving – through service or otherwise – a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." FED. R. CIV. P. 81(c)(2). Defenses covered by Fed. R. Civ. P. 12(b) are among the "other defenses or objections under these rules" contemplated by Rule 81(c)(2). *See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) (explaining that Rule 81(c) operates to "set the deadline for [a defendant] to make its first responsive pleading or motion after removal").

The longest period under Rule 81(c)(2) here is 7 days from the date of filing the notice of removal – or July 27, 2018. And that is when JPMC filed its Rule 12(b) motion, the filing of which "stayed the time to file a responsive pleading." *FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015) (per curiam) (citing FED. R. CIV. P. 12(a)(4) ("Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or (B) if the court grants a motion for a more definite statement, the

responsive pleading must be served within 14 days after the more definite statement is served.")); *see also Mayer v. Wells Fargo Bank, N.A.*, No. 15-12503, 2015 WL 7733454, at *5 (E.D. Mich. Dec. 1, 2015) ("Defendant filed a Motion to Dismiss in lieu of an Answer which is allowed under Rule 12(b)(6). As set forth in Rule 55(a), an opposing party may 'otherwise defend' the action, which Defendant has done by filing a Motion to Dismiss under Rule 12(b)(6). Plaintiff is not entitled to a default judgment since Defendant has appeared to defend the action.").

## Recommendation

The Court should deny Plaintiff Tammie Washington's motion for default judgment [Dkt. No. 13].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 31, 2018

                                                    _____
                                                    DAVID L. HORAN
                                                    UNITED STATES MAGISTRATE JUDGE