IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMIE WASHINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1870-K-BN |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Defendants JPMorgan Chase Bank, N.A. ("JPMC") and Mortgage Electronic Registration Systems, Inc. ("MERS") moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 8 (the "Motion to Dismiss"). Plaintiff Tammie Washington, representing herself *pro se*, did not file a response, and the time to do so has now expired.

Subsequently, Plaintiff filed a motion for leave to amend her complaint, *see* Dkt. No. 23 (the "Motion for Leave"), and Defendants filed a response, *see* Dkt. No. 24.

The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

## Background

On August 3, 2006, Plaintiff Tammie Washington, along with Elesie Washington and Mildred Washington, obtained a loan for the purchase of real property located in Grand Prairie, Texas (the "Property"). The loan is evidenced by a note and secured by a deed of trust. *See* Dkt. No. 10-1 at 2-11 (the "Deed of Trust"). Defendant MERS is the beneficiary of the Deed of Trust. *See id.* at 2.

On January 14, 2009, MERS assigned the Deed of Trust to Chase Home Finance, LLC ("CHF"). *See id.* at 19- 21 (the "2009 Assignment"). Defendant JP Morgan Chase Bank, N.A. ("JPMC") is the successor by merger to Chase Home Finance, LLC. *See* Dkt. No. 9 at 5.

On December 28, 2017, an Assignment of Deed of Trust was filed in the Dallas County property records by Tamyra White for Integrititle as CHF's attorney in fact. *See* Dkt. No. 10 at 16-17 (the "Purported Assignment"). Plaintiff asserts that Tamyra White was not an authorized agent of MERS. *See* Dkt. No. 1-1 at 9. And Defendants report that Integrititle has never been an attorney in fact for CHF or JPMC. *See* Dkt. No. 9 at 5.

On June 13, 2018, Plaintiff conveyed her interest in the Property to 459 Cranbrook Land Trust. *See* Dkt. No. 10 at 13-14 (the "Warranty Deed"). According to Defendants, the Property was scheduled for foreclosure sale on July 3, 2018. *See* Dkt. No. 9 at 5.

On June 28, 2018, Plaintiff, representing herself *pro se*, filed a petition in state

-2-

court. *See* Dkt. No. 1-1 at 8-16. Plaintiff challenges the validity of the Purported Assignment, arguing that White was not authorized by MERS to assign the Deed of Trust and, as a result, the Purported Assignment is a fraudulent lien that clouds her title to the Property and JPMC lacks standing to foreclose because the Purported Assignment is invalid. Plaintiff asserts claims to quiet title, for a fraudulent lien, and for wrongful foreclosure and argues that JPMC lacks standing to foreclose and is barred from foreclosing by the statute of limitations. She also seeks declaratory and injunctive relief. *See* Dkt. No. 1-1 at 8-16.

 JPMC timely removed the suit to this Court prior to MERS being served or appearing. *See* Dkt. No. 1.

On July 7, 2018, Defendants filed their Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 8, 9. Defendants contend that Plaintiff does not have standing to assert any of her claims because she conveyed her interest in the Property to 459 Cranbrook Land Trust before she filed this lawsuit, and, as a result, she has no interest in the Property. Defendants also contend Plaintiff fails to state any claim on which relief may be granted.

Plaintiff did not file a response to the Motion to Dismiss.

On September 4, 2018, Plaintiff filed a Motion for Leave to Amend the Complaint, seeking leave to "rewrite her Complaint" so that it complies with Federal Rule of Civil Procedure 8. *See* Dkt. No. 23. Plaintiff did not attach a copy of the proposed amended complaint to the Motion for Leave or confer with Defendants' counsel as

required by the local rules. *See id.* Defendants filed a response objecting to the Motion for Leave, *see* Dkt. No. 24, and Plaintiff did not file a reply.

The undersigned now concludes that the Court should grant the Motion to Dismiss and deny the Motion for Leave to Amend Complaint.

## Legal Standards

I.    Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

-4-

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135

S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th

-6-

Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

II.    <u>Motion for Leave to Amend Under Rules 15 and 16</u>

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g* ., *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-08700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and

then by Rule 15(a)(2).").

When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard, the party must show that, despite her diligence, she could not reasonably have met the scheduling order deadline. *See id.* at 535. The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)). If the movant satisfies Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536.

When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation

from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

## Analysis

I.   <u>The Motion to Dismiss should be granted.</u>

    A.   <u>Plaintiff lacks standing because she has no interest in the Property.</u>

According to a Warranty Deed filed in the official public records of Dallas County, Texas, Plaintiff conveyed the Property to 459 Cranbrook Land Trust on June 13, 2018. *See* Dkt. No. 10 at 13-14. Consequently, Plaintiff lacks standing to challenge JPMC's standing or authority to foreclose or to assert any of her other claims because she has no interest in the property.

For this reason alone, Plaintiff's claims should be dismissed with prejudice.

B.    Plaintiff's quiet title claim should be dismissed.

Although the specific grounds for Plaintiff's quiet title claim are not clear, they appear to be grounded in alleged issues with the Purported Assignment. *See* Dkt. No. 1-1 at 12, 14. Plaintiff alleges that Tamyra White was not authorized to execute the assignment because she was never appointed by the MERS Board of Directors or appointed as an officer by JPMC.  Plaintiff refers to the Purported Assignment as a "second Deed of Trust" and alleges that the "second Deed of Trust" conveys "Substitute Trustee Deed" to an unspecified entity and is void. Plaintiff's quiet title claim seems to be that because the Purported Assignment is invalid, JPMC has no interest in the Deed of Trust or the Property and "title should be quieted in Plaintiff." *See* Dkt. No. 1-1 at 11-12.

"A suit to quiet title is a request to invoke the court's powers of equity in removing a 'cloud' on the plaintiff's title to the property." *Smitherman v. Bayview Loan Servicing, L.L.C.*, 727 F. App'x 787, 790 (5th Cir. 2018) (citing *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983)).

> To quiet title in his favor, a plaintiff "must allege right, title, or ownership in himself ... with sufficient certainty to enable the court to see he ... has a right of ownership that will warrant judicial interference." *Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013) (per curiam) (unpublished) (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied)). Importantly, the plaintiff in a quiet title action must recover on the strength of his title, not on the alleged weakness of the defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

*Id.* at 790-91. "Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). To prevail, a plaintiff must "show a superior interest in the property." *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015).

1.    <u>Plaintiff no longer has an interest in the Property.</u>

Plaintiff alleges that she is the owner of the Property, but, as explained above, public records demonstrate that Plaintiff has no interest in the Property because she conveyed that interest to 459 Cranbrook Land Trust prior to filing this lawsuit. *See* Dkt. No. 1-1 at 10; Dkt. No. 10 at 13-14.

2.    <u>Plaintiff does not have standing to challenge the validity of assignment.</u>

Plaintiff also lacks standing to challenge the validity of the Purported Assignment because her claims are based on the allegation that White did not have authority to execute it. Plaintiff does not have standing to challenge the assignment because she is not a party to the assignment. *See Coe v. Fed. Nat'l Mortg. Ass'n*, No.

3:14-cv-4231-M-BN, 2015 WL 744213, at *2 (N.D. Tex. Oct. 28, 2015).

Generally, a "plaintiff ... must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Texas case law includes an exception to this rule for mortgagors who challenge an assignment on grounds that would render it void *ab initio*. *See Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir.2013). But there is no exception for challenges that would render an assignment voidable at the election of one of the parties. *See id.*

An argument "based on the signer's lack of authority only renders the assignment voidable, and therefore does not convey standing to challenge the assignment." *Johnson–Williams v. CitiMortgage, Inc.*, 3:14-cv-3927-M-BH, 2015 WL 4997811, at *7 (N.D. Tex. Aug. 19, 2015) (citing *Reinagel*, 735 F.3d at 226 ("lack of authority, even accepted as true, does not furnish [a plaintiff] with a basis to challenge [an] assignment.")); *see also Van Duzer v. U.S. Bank Nat'l Assoc.*, No. H-13-1398, 2014 WL 357878, at *8 (S.D. Tex. Jan. 31, 2014) (finding plaintiffs' challenge of the assignment based on the signer's lack of authority would render the assignment voidable and did not furnish plaintiffs with a basis to challenge the assignment); *Howard v. J.P. Morgan Chase NA,* No. SA-12-cv-00400-DAE, 2013 WL 1694659, at *8 (W.D. Tex. Apr. 18, 2013) (finding plaintiff's allegations that the signer lacked authority to sign on behalf of MERS would render the assignment voidable and therefore plaintiff lacked standing to challenge the assignment).

3.    <u>Plaintiff fails to state a claim premised on forgery.</u>

Plaintiff makes the naked assertion that the Purported Assignment is a forgery but fails to state any facts to support a forgery claim. *See* Dkt. No. 1-1 at 12-13.

As an initial matter, the assignment would be void if it was forged, and "[a] document is forged if it is signed by one who purports to act as another." *See Vazquez v. Deutsche Bank Nat'l Tr. Co., N.A.*, 441 S.W.3d 783, 787–88 (Tex. App. – Houston [1st Dist.] 2014, no pet.). But Plaintiff's conclusory allegation that the Purported Assignment was forged fails to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Kreway v. Countrywide Bank, FSB*, 647 F. App'x 437, 437-38 (5th Cir. 2016) (per curiam) (holding that a forgery allegation was insufficiently pled when its only support came from an exhibit comparing signatures and it lacked any facts "relating to who perpetrated the alleged forgery or how, when, and where the alleged forgery was executed"); *Brinson v. Universal Am. Mortg. Co.*, No. G-13-463, 2014 WL 4354451, at *4 n.1 (S.D. Tex. Sept. 2, 2014) (applying Rule 9(b) to a forgery allegation); *see also Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.").

Plaintiff follows her forgery statement with language from statutes and cases purportedly setting forth the elements and standards of her claim, But she states no facts to support a forgery claim. Without the allegation of facts meeting Rule 9(b)'s heightened pleading standard, her claim cannot withstand dismissal.

4.     <u>Plaintiff fails to state a claim premised on "Release of Lien" being void.</u>

Plaintiff alleges that a "Release of Lien" dated December 28, 2017, which was executed by Tamyra White who claimed to be a MERS vice-president, assigned Plaintiff's property to an unnamed "Defendant." *See* Dkt. No. 1-1 at 11. To the extent Plaintiff is complaining about the Purported Assignment, which is dated December 28, 2017, or some other document, Plaintiff lacks standing to challenge White's authority. "Under Texas law, a contract executed on behalf of a corporation by a person fraudulently purported to be a corporate officer is ... not void but merely voidable at the election of the defrauded principal." *Bynane v. Bank of New York Mellon*, 866 F.3d 351, 360 (5th Cir. 2017). Allegations regarding the authority of the individual executing a "Release of Lien" would make the documents merely voidable, and Plaintiff lacks standing to challenge the assignment on that basis.

5.     Plaintiff fails to state a claim premised on a failure to perfect an interest <u>in the Note or Deed of Trust.</u>

Plaintiff alleges that the Note and Deed of Trust were not perfected under the Uniform Commercial Code ("UCC") or the Texas Civil Practices and Remedies Code. *See* Dkt. No. 1-1 at 9. The UCC governs the creation, perfection, and enforcement of a security interest in personal property, not real property. *See Asonibe v. Flagstar Bank, FSB*, No. 3:12-cv-2113-M (BH), 2013 WL 1828842, at *8 (N.D. Tex. April 5, 2013). "The Texas Property Code, and not the UCC, governs the procedure for enforcing deeds of trust." *Id.* (citing TEX. PROP. CODE §§ 51.0001–51 .015). To the extent Plaintiff's quiet title claim is premised on the alleged failure to perfect in accordance with the UCC, it

-14-

should be dismissed.

      6.    <u>JPMC has standing to foreclose.</u>

Plaintiff's argument that JPMC lacks standing to foreclose is premised on the invalidity of the Purported Assignment. Plaintiff's allegation that the Purported Assignment is invalid is a judicial admission. *See Carcamo-Lopez v. Does 1-20*, 865 F. Supp. 2d 736, 752 (W.D. Tex. 2001) ("allegation in the Complaint constitutes a judicial admission") (citing *Martinez v. Bally's LA., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)).

Assuming the Purported Assignment is invalid, as alleged by Plaintiff, JPMC is the assignee of record under the 2009 Assignment and has standing to foreclose. *See* Dkt. No. 10-1 at 19- 21; *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (holding the last assignee of record has standing to foreclose under Texas law).

      C.    <u>Plaintiff's fraudulent lien claim should be dismissed.</u>

Plaintiff asserts a fraudulent lien claim based on defects with the Purported Assignment. To state a claim under Texas Civil Practices and Remedies Code § 12.002, a plaintiff must plead facts showing that the defendant

> (1) made, presented, or used a document with knowledge that it was a "fraudulent lien or claim against real or personal property or an interest in real or personal property," (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.

*Harris County Texas v. MERSCORP Inc.*, 791 F.3d 545, 556 (5th Cir. 2015).

On its face, the Purported Assignment is not a document recorded by JPMC or

MERS. *See* Dkt. No. 10 at 16-17. The Purported Assignment was recorded by White for Integrititle, purporting to be attorney in fact for CHF. Plaintiff does not allege that JPMC or MERS authorized White to record the Purported Assignment.

Even if Plaintiff's petition is construed as alleging JPMC or MERS recorded the Purported Assignment, Plaintiff fails to allege facts demonstrating that the Purported Assignment was recorded with the intent to cause Plaintiff financial injury or mental anguish. The "use of an assignment for business purposes hardly equates to an argument that [the assignor] intended to inflict financial injury or mental anguish." *Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 327 (5th Cir. 2014). And, if the Purported Assignment was recorded with the intent to cause financial injury, JPMC, not Plaintiff, is the entity that would suffer financial injury because it would be divested of its security interest.

Plaintiff fails to allege facts to support her fraudulent lien claim and instead merely recites elements of the claims. Accordingly, the fraudulent lien claim should be dismissed.

D.    Plaintiff's wrongful foreclosure claim should be dismissed.

Plaintiff states that she has "properly stated claims for declaratory and injunctive relief based on wrongful foreclosure ...". Dkt. No. 1-1 at 13. To the extent that Plaintiff asserts a claim for wrongful foreclosure, the claim fails as a matter of law because no foreclosure has occurred, and Texas law does not recognize a cause of action for attempted wrongful foreclosure. *See Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017); *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 454

(E.D. Tex. 2011).

    E.    <u>Plaintiff fails to state a claim based on her allegation that more than four years have elapsed since the Defendants accelerated the Note.</u>

Plaintiff alleges that "[t]he four-year statute of limitations to file forcible detainer has expired." Dkt. No. 1-1 at 9. She then cites to Section 16.035(d) of the Texas Civil Practices and Remedies Code, which is the statute of limitations for foreclosing a lien on real property. *See id.* at 9, 12; TEX. CIV. PRAC. & REM. CODE § 16.035(d). The Court construes her pleading as challenging JPMC's right to foreclose rather than to evict.

Plaintiff's entire statute-of-limitations argument consists of a conclusory sentence and citations to Section 16.035. *See* Dkt. No. 1-1 at 9, 14, 16. She fails to allege any facts regarding the statute of limitations, such as when the statue of limitations began running or what act or acts triggered the running of the statute of limitations.

Accordingly, Plaintiff fails to plead sufficient facts to support a claim based on a statute-of-limitations argument.

    F.    <u>Plaintiff's claims for injunctive and declaratory relief should be dismissed.</u>

Plaintiff seeks to enjoin foreclosure proceedings and asks the Court to declare that the Purported Assignment violates Section 12 of the Texas Civil Practices and Remedies Code and constitutes fraud; that JPMC and Tamyra White do not have standing to foreclose on the Property; that Defendants' failure to initiate a forcible detainer action within four years of the accrual of the cause of action violates Section 16.035(d) of the Texas Civil Practices and Remedies Code; and that "[t]itle is warranted in favor of Tammie Washington." Dkt. No. 1-1 at 8, 11, 16.

-17-

Defendants argue that Plaintiff's claims for injunctive and declaratory relief fail because Plaintiff fails to assert any viable causes of action against them.

Injunctive and declaratory relief are forms of relief based on underlying claims. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN),* 915 F.2d 167, 170-71 (5th Cir.1990) (declaratory judgment); *Hurd v. BAC Home Loans Serv., LP,* 880 F. Supp. 2d 747, 769 (N.D.Tex.2012) (same); *Cook v. Wells Fargo Bank, N.A.,* No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D.Tex. July 12, 2010) (injunctive relief).

Because Plaintiff has failed to state a plausible underlying claim, Plaintiff's claims for injunctive and declaratory relief should also be dismissed.

II.    <u>The Motion for Leave to Amend Complaint should be denied.</u>

Plaintiff seeks leave to "rewrite" her complaint so that it complies with Federal Rule of Civil Procedure 8 and any other applicable rule. *See* Dkt. No. 23 at 1. Plaintiff failed to include a proposed amended complaint with the motion for leave to amend, as required by the Court's local rules. *See* N.D. TEX. L. CIV. R. 15.1. She also failed to confer with counsel for Defendants, as required by the Court's Standing Order on Non-Dispositive Motions. *See* Dkt. No. 17 at 3-9.

The provision of Federal Rule of Civil Procedure 15(a)(2) that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleading is within the sound discretion of the district court. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir.1994) (citation omitted).

In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Because the undersigned concludes that Plaintiff's claims are not legally viable, no amount of artful or creative pleading of facts will permit Plaintiff to state a claim upon which relief can be granted. The undersigned therefore concludes that Plaintiff cannot set fort any allegations to state a claim on which relief can be granted regarding her claims and that further attempts to amend would be futile and unnecessarily delay the action's resolution.

<h2 align="center">Recommendation</h2>

The Court should grant Defendants' Motion to Dismiss Plaintiff's Original Petition [Dkt. No. 8], dismiss Plaintiff Tammie Washington's claims with prejudice, and deny Plaintiff's Motion for Leave to Amend Complaint [Dkt. No. 23].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 18, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE